IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CLEAN CHEMISTRY, INC., Plaintiff, | : | |
| v. | : | Case No. 3:26-mc-4 JUDGE WALTER H. RICE |
| CHEMSTATION INTERNATIONAL INC., Defendant. | : | |

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO CHANGE VENUE; TERMINATION ENTRY

This case is before the Court on a Motion to Change Venue filed by Plaintiff Clean Chemistry, Inc. ("Plaintiff"). Doc. #10. Defendant ChemStation International, Inc. ("Defendant"), filed a response in opposition to the motion, Doc. #12.

For the following reasons, Plaintiff's Motion to Change Venue is SUSTAINED.

## I. Background

Plaintiff filed this case against Defendant on March 6, 2026, seeking an order to compel Defendant to produce certain documents responsive to a subpoena that Plaintiff had issued as part of an ongoing civil case in the Western District of Texas. Doc. 1. Defendant has maintained that it does not have any responsive documents and therefore cannot comply with the subpoena.

After this case was filed, Plaintiff, who is continuing to litigate in Texas, received a franchise agreement from Defendant's franchisee, ChemStation of Alabama, which it claims will support its efforts in this case. Seeking to comply with the protective order filed by the Texas district court, Plaintiff filed a motion seeking leave to file the franchise agreement under seal. Doc. #8. Defendant opposes that motion, claiming that the protective order does not permit such a use of the document. Doc. #9. This motion remains pending and the Court does not decide it here.

## II. Standards Governing Venue Transfer

> Federal Rule of Civil Procedure 45(f) controls here. It states that a court may transfer a subpoena-related motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Rule also allows the issuing court to "transfer the order to the court where the motion was made" for enforcement. *Id.*
>
> Rule 45(f) does not define "exceptional circumstances." But the Advisory Committee's notes guide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation[.]" Fed. R. Civ. P. 45 Advisory Committee's note to the 2013 amendment. With that guidance, this Court and others have looked to the "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation," in determining whether a Rule 45(f) transfer is warranted. *Boutte v. Jackson Offshore Operators, LLC*, No. CV 2:25-MC-20, 2025 WL 2924673 (S.D. Ohio Oct. 15, 2025) (quoting *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015). The Advisory Committee notes further provide that "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local

> resolution of the motion." Fed. R. Civ. P. 45 Advisory Committee's note to the 2013 amendment (also stating that avoiding burdens on local nonparties subject to the subpoena should be a "prime concern").
>
> The decision whether to transfer a motion under Rule 45(f) is within the District Court's discretion. *Boutte*, 2025 WL 2924673, at *2 (collecting cases).

*Bobbie Baby, Inc. v. P&L Dev., LLC*, No. 2:25-mc-23, 2025 WL 3033652 (S.D. Ohio Oct. 30, 2025) (Jolson, M.J.).

## III. Analysis

This Court is convinced that exceptional circumstances justify transfer of this case to the Western District of Texas. Before any determination can be made as to the merits of Plaintiff's initial request—that Defendant respond to the subpoena—it must first be determined whether Plaintiff can present the franchise agreement it seeks to file. Defendants take the position that the protective order issued in Texas prevents the filing of the document, even under seal. It maintains this position, despite the fact that it is not a signatory to the protective order and is not a party to that case.

Although Plaintiff believes that the protective order does in fact permit the use of the document in this manner, out of an abundance of caution it seeks to have the judge which issued the protective order—and presumably best understands its scope—decide the issue. Yet, Defendant opposes this as well. In effect, Defendant uses the fact that the case was filed in this district as both sword and shield: the

document cannot be filed here, but the case cannot be transferred to the court in which it may be filed consistently with the protective order.

Because the proper scope of the protective order is a key issue in determining the outcome of this case, there exists exceptional circumstances warranting a transfer of venue. However, there are additional reasons suggesting transfer is advisable. Although fact discovery in the Texas litigation remains ongoing, the presence of this case was noted as a reason to extend the close of fact discovery in an agreed motion filed May 8, 2026. *See Enviro Tech Chemical Services, Inc. v. Clean Chemistry, Inc.*, Case No. 1:24-cv-01313-ADA, Doc. #59, at p.5 (W.D. Tex. May 8, 2026) (hereinafter "Texas litigation"). Moreover, this is not the only case Plaintiff has filed seeking to force a third-party to comply with a subpoena. A separate action filed in the District of New Jersey was transferred to the Western District of Texas with the consent of the parties. Although it did not involve an opposed Rule 45(f) motion, the fact remains that the Texas court is better able to weigh the impact and necessity of third-party compliance.

Yet, the Court must also consider the burden that would be placed on Defendant if it were forced to take up this issue in Texas. Under Rule 45(f), "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made [i.e., the Southern District of Ohio], the attorney may file papers and appear on the motion as an officer of the issuing court [i.e., the

Western District of Texas]." Fed. R. Civ. P. 45(f). Moreover, it is unlikely that counsel would be required to travel to Texas as Judge Albright, the judicial officer presiding over the Texas litigation, conducts many, if not all, his hearings over Zoom. This Court sees no reason Defendant cannot continue to litigate this case in Texas with the same representation and little to no added expense.

## IV. Conclusion

In conclusion, extraordinary and compelling reasons justify transferring this case to the Western District of Texas and outweigh any burden to Defendant that results. Therefore, the Court SUSTAINS Plaintiff's Motion to Transfer Venue. Doc. #10. This matter is TRANSFERRED to the United States District Court for the Western District of Texas in connection with the underlying litigation entitled *EnviroTech Chemical Services, Inc. v. Clean Chemistry, Inc.*, Case No. 1:24-cv-1313-ADA.

Upon transfer, the captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 25, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE